UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINTON FROST,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OFFICE OF THE UNITED STATES ATTORNEY, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-05190-EMC<br><br>**ORDER PARTIALLY GRANTING PLAINTIFF'S MOTIONS FOR ADMINISTRATIVE RELIEF AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Docket Nos. 18, 25 |

　　　　Mr. Vinton Frost is a pro se plaintiff who filed a case against the Office of the U.S. Attorney and the U.S. Department of Justice. *See* Docket No. 1. He has filed several motions for administrative relief, *see* Docket Nos. 18 and 25, as well as a motion requesting appointment of counsel, *see* Docket No. 18.

　　　　First, Mr. Frost seeks the creation of a document archive to safeguard Exhibits A–F, which accompany his first motion for administrative relief. *See* Docket No. 18 at 4. The Court **DENIES** this request because any and all documents filed as part of Mr. Frost's case (even manually filed documents such as those identified for safeguarding by Mr. Frost) automatically become part of the Court's Electronic Case Filing ("ECF") system and the permanent record of the case. As is noted on the Court's website: removing an e-filed document is "a drastic measure" and such an action is typically "reserved for [mistakenly filed] documents whose contents are confidential."[1] Thus, Mr. Frost is assured that all the documents he has filed, not only those exhibits which he

---

[1] *See Correcting E-Filing Mistakes*, U.S. DISTRICT COURT – N.D. CAL., https://www.cand.uscourts.gov/cases-e-filing/cm-ecf/support-and-troubleshooting/correcting-e-filing-mistakes/#SENSITIVE (last visited Dec. 3, 2019).

wants specially safeguarded, have already been preserved through the Court's ECF system.

Second, Mr. Frost seeks the appointment of counsel. *See* Docket No. 18 at 4. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires "an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel." *Id.* Exceptional circumstances are not present at this time because Mr. Frost has not yet submitted a sufficiently detailed pleading that shows any likelihood of success on the merits. Mr. Frost's request for appointment of counsel to represent him in this action therefore is **DENIED**.

Finally, Mr. Frost seeks an order from the Court allowing his use of the Attorney Lounge of the 18th Floor of the Phillip Burton Federal Building. As noted on the Court's website, judges may permit non-attorneys to use the attorney lounge "on specified dates and at specified times."[2] Typically, judges have permitted use of the lounge only on days when a non-attorney has a hearing scheduled in his or her case. As a result, the Court **GRANTS** Mr. Frost's request for an order permitting his one-time use of the Attorney Lounge, but that use is limited to January 23, 2020 between the hours of 9:00 a.m. and 1:30 p.m.

This order disposes of Docket Nos. 18 and 25.

**IT IS SO ORDERED**.

Dated: December 9, 2019

EDWARD M. CHEN
United States District Judge

---

[2] *See* Attorney Lounges, U.S. DISTRICT COURT – N.D. CAL., https://cand.uscourts.gov/attorneys/attorney-lounges/ (last visited Dec. 3, 2019).