UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINTON FROST,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SARA WINSLOW, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-05190-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUBSTITION AND DISMISSAL; AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND REQUEST FOR LEAVE TO PETITION DIRECTLY TO SCOTUS**<br><br>Docket Nos. 31, 38, and 47 |

　　　　Plaintiff Vinton Frost, proceeding pro se, filed this lawsuit against Civil Chief Sara Winslow and seven other defendants, most of whom are U.S. Attorneys. *See* Docket No. 1. On February 13, 2020, the Court held a hearing on Plaintiff's Motion for Sanctions and Defendants' Motion for Substitution of Defendants and Dismissal. Each motion is discussed in turn, below.

　　　　Because the Attorney General, through the Chief of the Civil Division of the United States Attorney's Office for the Northern District of California, has certified that the individual defendants in this case were acting within the course and scope of their employment with respect to the matters alleged in the operative complaint, *see* Certification Pursuant to 28 U.S.C. § 2679(d), Docket No. 38-2, the Court **GRANTS** Defendants' Motion to Substitute the United States for Defendants. *See Arthur v. U.S. By & Through Veterans Admin.*, 45 F.3d 292, 295 (9th Cir. 1995) (citing 28 U.S.C. § 2679(c)); *see also* 28 U.S.C. § 2679(d).

　　　　In addition, the Court **GRANTS** Defendants' Motion to Dismiss; there are multiple grounds for doing so. First, "claims against the United States for fraud or misrepresentation by a federal officer are absolutely barred" under the Federal Tort Claims Act. *Kim v. United States*, 940 F.3d 484, 492 (9th Cir. 2019) (quoting *Owyhee Grazing Ass'n, Inc. v. Field*, 637 F.2d 694,

697 (9th Cir. 1981)); *see also* 28 U.S.C.A. § 2680(h). Because Mr. Frost's claims sound in fraud and misrepresentation, his claims against the United States are barred. Second, there is no private right of action for perjury under California or federal law. *See, e.g.*, *Pollock v. Univ. of S. California*, 112 Cal. App. 4th 1416, 1429, (2003) ("There is no civil cause of action for perjury. Perjury is a criminal wrong."); *Xunxian Liu v. Bushnell*, No. CV TDC-17-1398, 2018 WL 3093974, at *13 (D. Md. June 22, 2018), *aff'd sub nom. Xunxian Liu v. Azar*, 742 F. App'x 748 (4th Cir. 2018) (explaining that neither 28 U.S.C. § 1746, which outlines the federal requirements of unsworn declarations made under penalty of perjury, nor 18 U.S.C. § 1621, which provides for federal criminal enforcement of 28 U.S.C. § 1746, contemplates a private right of action). Third, Plaintiff has failed to plead his claims with sufficient particularity to meet the heightened pleading standard of Rule 9(b). As noted above, the Complaint must allege "the who, what, when, where, and how of the fraud." *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir.), *cert. denied*, 139 S. Ct. 640 (2018) (internal quotation marks omitted). Mr. Frost's complaint does not adequately do so.

Turning to Plaintiff's motions, the Court finds that nothing alleged in Mr. Frost's Motion for Sanctions, even if accepted as true, constitutes an action severe enough to merit sanctions. As the Court's *Guidelines for Professional* Conduct—upon which Plaintiff relies for his Motion—note, the Court does not "anticipate that these Guidelines will be relied upon as the basis for a motion."[1] It is true that the *Guidelines* may, in extreme circumstances, furnish a basis for the imposition of sanctions. *See, e.g.*, *Claypole v. Cty. of Monterey*, No. 14-CV-02730-BLF, 2016 WL 145557, at *1 (N.D. Cal. Jan. 12, 2016) (where "an attorney repeatedly and unapologetically flouts guideline after guideline, it is a big deal—and the court has little choice but to do something about it"). However, the conduct alleged here, even if accepted as true, does constitute sufficiently extreme circumstances to merit sanctions. Accordingly, the Court **DENIES** Plaintiff's Motion for Sanctions.

---

[1] *Guidelines for Professional Conduct*, U.S. District Court – Northern District of California, https://www.cand.uscourts.gov/forms/guidelines-for-professional-conduct/ (last visited Feb. 19, 2020).

2

Lastly, on February 14, 2020, the day after the hearing, Mr. Frost filed a motion seeking leave of the Court to directly petition the U.S. Supreme Court for review of this Court's holding. Mr. Frost has provided no authority—and the Court is aware of no authority—that indicates that leave to file such a petition would be appropriate. As a result, the Court **DENIES** Plaintiff's Request for Leave of Court to Petition Directly to SCOTUS.

This order disposes of Docket Nos. 31, 38, and 47.

**IT IS SO ORDERED**.

Dated: February 19, 2020

_____
EDWARD M. CHEN
United States District Judge