1
2
3
4                UNITED STATES DISTRICT COURT

5                NORTHERN DISTRICT OF CALIFORNIA

6

7    VINTON FROST,                              Case No. 19-cv-05190-EMC

8              Plaintiff,

9         v.                                    **ORDER GRANTING DEFENDANTS'**
                                                **MOTION TO DECLARE PLAINTIFF A**
10   THE UNITED STATES,                         **VEXATIOUS LITIGANT**

11             Defendant.                       Docket No. 45

12

13

14                          I.      **INTRODUCTION**

15        Plaintiff is a pro se litigant, who has filed many cases in this district. The origins of this

16   particular lawsuit began in March 2017, when Mr. Frost filed a lawsuit in the Northern District of

17   California (Case No. 3:17-cv-01587-LB, *Frost v. Wilkinson*) against the Director of the Executive

18   Office for U.S. Attorneys, alleging that the Director had failed to properly respond to Mr. Frost's

19   Freedom of Information Act ("FOIA") request. *See* Docket No. 1 in *Wilkinson*. Defendant in that

20   case filed a Motion to Dismiss, accompanied by a declaration from the FOIA Legal Assistant in

21   the Criminal Division of the U.S. Attorney's Office for the Northern District of California. *See*

22   Docket Nos. 32 and 32-2 in *Wilkinson*. That declaration indicated that the office had no

23   documents responsive to Mr. Frost's FOIA request. *See* Docket No. 32-2 in *Wilkinson*. On

24   August 3, 2017, Judge Beeler dismissed Plaintiff's FOIA claim without prejudice. *See* Order

25   Dismissing Case at 2, Docket No. 57 in *Wilkinson*.

26        Two years later, in August 2019, Mr. Frost filed the instant suit, alleging that the author of

27   the *Wilkinson* declaration committed perjury. *See* Docket No. 1. Defendants moved to dismiss

28   the complaint and to substitute the United States for the named Defendants. *See* Docket No. 38.

United States District Court
Northern District of California

1    In addition, Mr. Frost filed a Motion for Sanctions pursuant to Rule 11(b). *See* Docket No. 31.

2    On February 19, 2020, the Court granted Defendants' Motion to Substitute the United States for

3    the Named Defendants and to Dismiss; it denied Plaintiff's Motion for Sanctions. *See* Docket No.

4    49. Prior to the hearing on those motions, on February 12, 2020, Defendants filed a Motion to

5    Declare Plaintiff a Vexatious Litigant through which Defendants seek to subject Plaintiff to a pre-

6    filing screening order. *See* Docket No. 45.

7    For the reasons discussed below, the Court **DECLARES** Mr. Frost a vexatious litigant.

8    Future pleadings that Mr. Frost files shall be subject to a prefiling review by the general duty

9    judge for this District, the terms of which are specified in this order below.

10                    **II.     BACKGROUND**

11    As is discussed in greater detail below, Mr. Frost has filed sixteen lawsuits in this district,

12    the earliest of which was filed in 2016. Many of those cases stem from one incident that is alleged

13    to have occurred at Stanford University; others pertain to broader (and frequently interrelated)

14    allegations of government surveillance and the withholding of records. Defendants contend that

15    Mr. Frost has made more than 300 filings in those sixteen cases, but that not a single one of his

16    substantive motions has ever been granted. *See* Defendant's Motion to Declare Plaintiff a

17    Vexatious Litigant ("Mot.") at 1–2, Docket No. 45. Mr. Frost does not dispute or respond to this

18    contention anywhere in his two-page Opposition. *See* Plaintiff's Reply to Defendant's Motion to

19    Declare Plaintiff a Vexatious Litigant ("Opp."), Docket No. 50.

20    Moreover, Mr. Frost has been cautioned about vexatious litigation twice. In December

21    2018, Judge White admonished Plaintiff that, "should he continue to pursue these related and now

22    dismissed matters before this Court, the Court shall revisit the determination regarding his conduct

23    as a vexatious litigant." *Frost v. Office of Attorney Gen.*, No. C 17-04983 JSW, 2018 WL

24    6704137, at \*3 (N.D. Cal. Dec. 20, 2018) (addressing the fact that Mr. Frost had filed nine

25    lawsuits against "multiple federal officials in various capacities" stemming from the "the same

26    alleged incident, which occurred in 2011 at Stanford [University]"). In December 2019, Judge

27    Seeborg warned Mr. Frost that "he is coming dangerously close to being declared a vexatious

28    litigant under 28 U.S.C. § 1651." *Frost v. James Scharf et al*, No. 3:19-cv-07774-RS, Docket No.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6 at 3 (N.D. Cal. Dec. 10, 2019).  In his order, Judge Seeborg noted the prior warning from Judge

White and the fact that Mr. Frost "ha[d] filed at least four other lawsuits in addition to the matter

presently before the Court," since the initial warning from Judge White.  *Id.* at 4.

In order to provide adequate background and context for the current motion and the

Court's decision, Mr. Frost's prior lawsuits are briefly summarized here.

- *Frost v. Steyer et al*, Case No. 3:16-cv-05883-RS (N.D. Cal., filed Oct. 11, 2016)

   ("*Steyer*")[1] – Plaintiff filed this case against sixteen defendants, alleging "abuses injuring

   [Plaintiff] made by a secret elite group of businessmen tied to our Central Intelligence

   Agency."  Docket No. 1 in *Steyer*.  Judge Cousins dismissed the complaint as "factually

   frivolous" and expressed concern that Mr. Frost's allegations were "the product of

   delusion."  *See* Docket No. 8 in *Steyer*.  An amended complaint was dismissed without

   leave to amend, noting that "the scenario [Mr. Frost] has described is the same type of

   fantastic and baseless allegations dismissed by other courts."  *See* Docket No. 40 in *Steyer*.

   The Court denied two motions for reconsideration filed by Mr. Frost.  *See* Docket Nos. 46,

   53 in *Steyer*.  After the Ninth Circuit found that "all parties did not consent to proceed

   before the magistrate judge," the case was referred to Judge Seeborg, who adopted Judge

   Cousin's Report and Recommendation to dismiss the case without further leave to amend.

   *See* Docket Nos. 56, 66, and 71 in *Steyer*.

- *Frost v. National Security Agency*, Case No. 3:17-cv-01239-WHO (N.D. Cal., filed Mar. 9,

   2017) ("*NSA*")[2] – Plaintiff filed this case against the National Security Agency, specifying

   General Keith B. Alexander, Director as "Defendant No. 1."  *See* Docket No. 1 in *NSA*.

   The complaint alleged that "Defendant is operating an illegal surveillance system violating

   [Plaintiff's] 4th Amend. rights" and that Defendant's actions "enable unknown person to

   identify [Plaintiff] by location by 'pinging' a subcutaneous RFID device implanted in a

   conspired 2007 surgery."  *Id.*  The case was related to *Frost v. United States Department of*

---

[1] Defendants note that Plaintiff made 42 filing in this case.

[2] Defendants note that Plaintiff made 10 filings in this case.

3

1    *Justice*, Case No. 3:17-cv-01240-JCS (N.D. Cal., filed Mar. 9, 2017), *see* Docket No. 8 in

2    *NSA*, and found not related to *Frost v. Wilkinson*, Case No. 3:17-cv-01587-LB (N.D. Cal.,

3    filed Mar. 23, 2017), *see* Docket No. 9 in *NSA*.  Judge Spero dismissed Mr. Frost's

4    complaint with leave to amend, *see* Docket No. 10 in *NSA*, but Mr. Frost chose to

5    withdraw his complaint and voluntarily dismiss his case, *see* Docket No. 14 in *NSA*.  Mr.

6    Frost attempted to reopen his case through a Rule 60 motion, which was denied.  *See*

7    Docket Nos. 15, 16, 20 in *NSA*.  Judge Orrick, who had adopted Judge Spero's Report and

8    Recommendation regarding the Rule 60 Motion, cautioned Mr. Frost that if he filed a new

9    action regarding the same facts, he would be required to "state with as much specificity as

10   he can why he asserts a 'spy-chip' has been implanted in him, when he became aware of it

11   and why he believes the N.S.A. is responsible" in order to survive dismissal.  *See* Docket

12   No. 20 in *NSA*.

13   • *Frost v. United States Department of Justice*, Case No. 3:17-cv-01240-JCS (N.D. Cal.,

14   filed Mar. 9, 2017) ("*DOJ I*")[3] – Plaintiff filed this case against several defendants under

15   the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522 *et seq.  See* Docket No. 7 in

16   *DOJ I*.  Plaintiff alleged that he was "dissatisfied with the FOIA determination" and

17   asserted that "to the extent, if any, that Plaintiff is on a government watch list due to a

18   third-party, plaintiff would argue such placement would be a result of private and not

19   public concerns, resulting from private parties illegally attributing actions to the state." *Id.*

20   The Court dismissed the complaint with prejudice as to the individual defendants and

21   without prejudice as to the DOJ.  *See* Docket No. 12 in *DOJ I*.  Mr. Frost subsequently

22   filed a second amended complaint and nineteen additional motions, in addition to several

23   other filings.  *See* Docket Nos. 17, 18, 26, 27, 31, 33, 41, 42, 46, 48, 52, 53, 54, 58, 60, 71,

24   73, 86, 88, 89, 91, 98, 111, 114 in *DOJ I*.  The court denied those motions, *see* Docket

25   Nos. 30, 32, 36, 44, 51, 55, 59, 63, 72, 76, 87, 93, 95, 104, 113, 115 in *DOJ I*, and granted

26

27

28

---

[3] Defendants note that Plaintiff made 58 filings in this case.

4

1    summary judgment in favor of defendant, *see* Docket No. 119 in *DOJ I*.  Mr. Frost

2    appealed.  *See* Docket No. 121 in *DOJ I.*

3    •  *Frost v. Pinkus et al*, Case No. 3:17-cv-01308-WHA (N.D. Cal., filed Mar. 10, 2017)

4    ("*Pinkus*")[4] – Plaintiff filed this case against a senior managing partner at McKinsey and

5    Company and against Pro Se Counsel at the Court's Justice and Diversity Center's Legal

6    Help Center.  *See* Docket No. 1.  In his complaint, Mr. Frost accuses the Legal Help Center

7    of providing him with false information and the managing partner at McKinsey of

8    organizing abuses of Mr. Frost's rights for approximately fourteen years.  *Id.*  The court

9    dismissed the complaint because it could not "discern a federal claim."  *See* Docket No. 6

10   in *Pinkus*.  It subsequently dismissed Mr. Frost's amended complaint (which named six

11   defendants, including individuals who were also named in Plaintiff's other lawsuits and

12   made allegations of conspiracies between them) for the same reason.  *See* Docket No. 10 in

13   *Pinkus*.  Mr. Frost filed numerous motions and a second amended complaint which alleged

14   that "defendants are members in a conspiracy to influence the due administration of justice

15   using dishonest, deceitful, and treacherous means."  *See* Docket Nos. 15, 18, 25 in *Pinkus*.

16   The court denied those motions and dismissed the second amended complaint without

17   leave to amend.  *See* Docket Nos. 17, 20, 34 in *Pinkus*.  Mr. Frost then filed a motion for

18   relief from final judgment, *see* Docket No. 40 in *Pinkus*, which was denied, *see* Docket

19   No. 44 in *Pinkus*.

20   •  *Frost v. Wilkinson*, Case No. 3:17-cv-01587-LB (N.D. Cal., filed Mar. 23, 2017)

21   ("*Wilkinson*")[5] – Plaintiff filed this case accusing the Director of the Executive Office for

22   U.S. Attorneys of being "negligent in his duties to comply with the Freedom of

23   Information Act."  *See* Docket No. 1 in *Wilkinson*.  Plaintiff later informed the court that

24   assistance from the court in the *Wilkinson* matter would "provide plaintiff relief" in *Steyer*.

25   *See* Docket No. 39 in *Wilkinson*.  The court dismissed Mr. Frost's case because Mr. Frost

26

27   ───────────────
     [4] Defendants note that Plaintiff made 18 filings in this case.

28   [5] Defendants note that Plaintiff made 22 filings in this case.

had failed to name a proper defendant and stated that, even if he had named a proper defendant, "the court would be inclined to grant summary judgment against the plaintiff" because "[h]is claim appears to be without merit." *See* Docket No. 49 in *Wilkinson*. Mr. Frost did not file an amended complaint in time to avoid dismissal without leave to amend. *See* Docket No. 57 in *Wilkinson*. Later, he filed a Rule 60 motion, which was denied. *See* Docket No. 62 in *Wilkinson*.

- *Frost v. Office of the Attorney General, United States Department of Justice*, Case No. 4:17-cv-04983-JSW (N.D. Cal., filed Aug. 25, 2017) ("*Attorney General*")[6] – Plaintiff sued the office of the Attorney General alleging that "former Attorney General Loretta Lynch authorized or knowingly failed to prevent . . . the destruction of Plaintiff's FOIA-responsive records." *See* Docket No. 1 in *Attorney General*. The court ultimately related a number of Mr. Frost's cases to *Attorney General* and dismissed all of them. *See* Docket No. 46 in *Attorney General* (noting a lack of "fundamental credibility" and finding the "allegations to lack substantial merit and to stem from fantasy"). In the order dismissing the case, Judge White cautioned Mr. Frost that "should he continue to pursue these related and now dismissed matters before this Court, the Court shall revisit the determination regarding his conduct as a vexatious litigant." *Id.*

- *Frost v. Blum et al*, Case No. 4:17-cv-07072-JSW (N.D. Cal., filed Dec. 12, 2017) ("*Blum*")[7] – Plaintiff sued a number of parties, some of whom had been previously named as defendants in his prior lawsuits. *See* Docket No. 1 in *Blum*. Among other things, the complaint alleged that two of the defendants had met and agreed "to conceal the existence and conduct of a secret elite which dominates the U.S. investment industry." *Id.* Judge Chhabria dismissed the case pursuant to his review of Mr. Frost's application to proceed in forma pauperis; he noted that "Mr. Frost's claim is frivolous and fails to state a viable

---

[6] Defendants note that Plaintiff made 43 filings in this case.

[7] Defendants note that Plaintiff made 30 filings in this case.

6

1    claim for relief." *See* Docket No. 6 in *Blum*. This case was then related to *Attorney*

2    *General*, and dismissed by Judge White, as discussed above.

3    • *Frost v. United States Department of Justice*, Case No. 4:18-cv-00469-JSW (N.D. Cal.,

4    filed Jan. 22, 2018) ("*DOJ II*")[8] – in this case, Plaintiff accused the US Attorney for the

5    Northern District of California of "act[ing] with malice and improper purpose" by

6    "publicly disclos[ing] inaccurate and incomplete private facts" in *DOJ I*. The case was

7    related to *Attorney General*, *see* Docket No. 8 in *DOJ II*, and Judge White found that Mr.

8    Frost had "neither a factual [n]or a legal basis for his claims" in *DOJ II*, *see* Docket No. 46

9    in *DOJ II*. Accordingly, Judge White dismissed the case.

10   • *Frost v. United States Department of Homeland Security*, Case No. 4:18-cv-00871-HSG

11   (N.D. Cal., filed Feb. 9, 2018) ("*DHS*")[9] – Plaintiff filed this case against the Department

12   of Homeland Security, alleging that "agents or employees of defendant, upon instruction

13   from an enterprise conspiracy, affiliated in part to the Central Intelligence Agency, seized

14   without warrant Plaintiff's medical and insurance records." *See* Docket No. 1 in *DHS*. He

15   sought an apology and a press release "revealing the chain of command" and "subsequent

16   cover-up." *Id.* Judge Gilliam dismissed the case pursuant to his review of Mr. Frost's

17   application to proceed in forma pauperis, concluding that the action was "frivolous" and

18   failed to state a claim. *See* Docket No. 5 in *DHS*. Mr. Frost filed an amended complaint,

19   *see* Docket No. 11 in *DHS*, but Judge Gilliam concluded that "[e]ven liberally construed,

20   Plaintiff's assertions are conclusory and speculative, and insufficient to state a claim on

21   which relief can be granted," Docket No. 12 in *DHS*.

22   • *Frost v. Texas Pacific Group et al*, Case No. 3:18-cv-04956-EMC (N.D. Cal., filed Aug.

23   15, 2018) ("*TPG*")[10] – Plaintiff filed suit against Texas Pacific Group and Google, Inc.

24   The complaint alleged that "Google and TPG Capital have a secret agreement whereby

25

26   ---
     [8] Defendants note that Plaintiff made 25 filings in this case.

27   [9] Defendants note that Plaintiff made 16 filings in this case.

28   [10] Defendants note that Plaintiff made 3 filings in this case.

7

1  Google provides TPG capital access to facilities which store Plaintiff's electronic

2  communications" and that TPG had repeatedly accessed Mr. Frost's emails. *See* Docket

3  No. 1 in *TPG*. Pursuant to its review of Mr. Frost's application to proceed in forma

4  pauperis, this Court dismissed the complaint for failure to state a claim. *See* Docket No. 5

5  in *TPG*. Mr. Frost was permitted one month to file an amended complaint, *see id.*, but he

6  did not do so, and his case was dismissed, *see* Docket No. 6 *in TPG*.

7  • *Frost v. United States Attorney et al*, Case No. 3:19-cv-05190-EMC (N.D. Cal., filed Aug.

8  15, 2019) ("*US Attorney*")[11] – this is the instant case; the pertinent details are discussed in

9  Section I, above.

10  • *Frost v. United States of America*, Case No. 3:19-cv-05365-JD (N.D. Cal., filed Aug. 27,

11  2019) ("*USA*")[12] – Plaintiff alleged that Defendant violated President Obama's Executive

12  Order 13,526 by classifying information improperly and requested that the court "order the

13  declassification of information pertaining to him, which should have been provided by

14  Plaintiff's Freedom of Information Act requests" in *Wilkinson* and *DOJ I*. *See* Docket No.

15  1 in *USA*. Pursuant to a review of Mr. Frost's request to proceed in forma pauperis, Judge

16  Donato dismissed the complaint, noting "it is not at all clear to the Court what Frost is

17  seeking to do here. The request for injunctive relief suggests he would like the Court to

18  intervene in or reconsider [*Steyer*, *Pinkus*, *Wilkinson*, *DOJ I*, and *TPG*]. That request is

19  not tenable." *See* Docket No. 10 in *USA*. Mr. Frost filed an amended complaint after the

20  deadline for doing so set by Judge Donato, but the court considered it anyway in light of

21  Mr. Frost's pro se status. *See* Docket Nos. 20, 21. The amended complaint did not cure

22  any of the deficiencies with his first complaint, and the court dismissed it with prejudice.

23  *See* Docket No. 21.

24

25

26

---

27  [11] Defendants note that Plaintiff made 17 filings in this case.

28  [12] Defendants note that Plaintiff made 12 filings in this case.

- *Frost v. Westin Hotels Management LP et al*, Case No. 3:19-cv-06545-WHO (N.D. Cal., filed Oct. 10, 2019) ("*Westin*")[13] – Plaintiff filed this case against Westin Hotels, Starwood Hotels, Marriott Hotels, the Department of Justice, and a public defender from Santa Clara County. *See* Docket No. 1 in *Westin*. The complaint alleges that employees of several of the defendant companies "conspired to aid and abet a violation of Plaintiff's 4th and 4th [sic] Amendment rights by agents of an unidentified agency." *Id.* Pursuant to Plaintiff's application to proceed in forma pauperis, Judge Westmore reviewed the complaint and recommended that it be dismissed. *See* Docket No. 6 in *Westin*. Judge Orrick adopted that recommendation and dismissed the case. *See* Docket No. 9 in *Westin*.

- *Frost v. Federal Communications Commission*, No. 4:19-cv-07144-PJH (N.D. Cal., filed Oct. 28, 2019) ("*FCC*")[14] – Plaintiff sued the FCC alleging that he "remains debilitated, harassed, and often physically and mentally tortured by an unidentified carrier of wireless communications services . . . he was drugged and subject to a surgery performed at his residence in which the top of his head was cut and sutres [sic] applied. He woke up with a two-way radio system in his head from individuals who did not identify themselves. They were and continue to be to this day, able to read all of Plaintiff's thoughts." *Id.* Pursuant to Plaintiff's request to proceed in forma pauperis, Judge Hamilton reviewed the complaint and concluded that "the factual contentions asserted in plaintiff's complaint are clearly baseless." *See* Docket No. 5 in *FCC*. The court dismissed the case, and then in response to Plaintiff's request, dismissed the case with prejudice so that Plaintiff could seek appeal. *See* Docket Nos. 5, 6, and 7.

- *Frost v. Scharf et al*, Case No. 3:19-cv-07774-RS (N.D. Cal., filed Nov. 26, 2019) ("*Scharf*")[15] – Plaintiff filed this case against multiple defendants, alleging unclear claims relating to the disclosure of private information, fraud, slander, conspiracy, retaliation,

---

[13] Defendants note that Plaintiff made 6 filings in this case.

[14] Defendants note that Plaintiff made 6 filings in this case.

[15] Defendants note that Plaintiff made 5 filings in this case.

9

1   secret elite organizations, and cover-ups.  *See* Docket No. 1 in *Scharf*.  Pursuant to its

2   review of Mr. Frost's application to proceed in forma pauperis, the court dismissed the

3   complaint.  *See* Docket No. 6.  In the dismissal order, the court noted that the case was "the

4   third lawsuit in which Frost has protested the same incident in which his personal

5   information was disclosed."  *Id.*  It found the complaint barred by *res judicata* and also

6   concluded that the complaint failed to state a cognizable claim.  *Id.*  Furthermore, Judge

7   Seeborg noted that Mr. Frost "is coming dangerously close to being declared a vexatious

8   litigant under 28 U.S.C. § 1651. . . . [C]ourts of this district have patiently tolerated Frost's

9   repeated complaints and have afforded Frost ample opportunity to amend his pleadings to

10  state cognizable claims in his various lawsuits.  Yet Frost has not prevailed in any of his

11  lawsuits, and all of his lawsuits were either dismissed or remain pending.  All the while,

12  Frost's filings have burdened the courts, which do their best to extend leniency toward

13  litigants proceeding pro se and in forma pauperis."  *Id.*  Plaintiff filed an amended

14  complaint, which was dismissed with leave to amend, and ultimately dismissed without

15  further leave to amend.  *See* Docket Nos. 8, 10, 13 in *Scharf*.

16  • *Frost v. Obama*, Case No. 3:20-cv-00605-SK (N.D. Cal., filed Jan. 27, 2020) ("*Obama*")[16]

17  – Plaintiff filed suit against former President Barack Obama alleging that he "failed to

18  faithfully execute his own law, Presidential Executive Order 13,526" and that he "ordered

19  his Attorney General Eric Holder to maintain the secreting of criminal conduct, abusing

20  plaintiff of his 4th, 14th, and 6th Amendment rights."  *See* Docket No. 1 in *Obama*.  Mr.

21  Frost's application to proceed in forma pauperis was granted on January 31, 2020.  *See*

22  Docket No. 7 in *Obama*.

### III.   DISCUSSION

A.   Legal Standard

District courts have the inherent power to enter prefiling orders against vexatious litigants

under the All Writs Act.  *See* 28 U.S.C. § 1651(a) (providing that "[t]he Supreme Court and all

---

[16] Defendants note that Plaintiff has made 2 filings in this case.

10

1    courts established by Act of Congress may issue all writs necessary or appropriate in aid of their

2    respective jurisdictions and agreeable to the usages and principles of law"); *Molski v. Evergreen*

3    *Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (stating that "[t]he All Writs Act, 28 U.S.C. §

4    1651(a), provides district courts with the inherent power to enter pre-filing orders against

5    vexatious litigants"). The Ninth Circuit has cautioned, however, that "such pre-filing orders are an

6    extreme remedy that should rarely be used" because of the danger of "tread[ing] on a litigant's due

7    process right of access to the courts." *Id.* Nevertheless, such prefiling orders are sometimes

8    appropriate because "[f]lagrant abuse of the judicial power . . . enables one person to preempt the

9    use of judicial time that properly could be used to consider the meritorious claims of other

10   litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

11   B.      Analysis

12          In *De Long*, the Ninth Circuit set forth the requirements for entering pre-filing orders

13   against vexatious litigants:

14               (1) The litigant must be given notice and opportunity to be heard
                     before the order is entered;

15
                 (2) The court must compile an adequate record for review,
16                   including a list of all filings and motions leading to the
                     conclusion that an individual is a vexatious litigant;
17
                 (3) The court must make substantive findings that the litigant's
18                   filings are frivolous or harassing; and

19               (4) The pre-filing order may not be overly broad, and must be
                     "narrowly tailored to closely fit the specific vice encountered."
20

21   *De Long*, 912 F.2d at 1147-48.

22          1.      Notice and Opportunity to Be Heard

23          The first *De Long* factor simply requires that the litigant be given an opportunity to oppose

24   the order before it is entered. *See De Long*, 912 F.2d at 1147. The Court finds that the first *De*

25   *Long* factor is satisfied here because Plaintiff had the opportunity to file a written opposition,

26   which he did. *See* Docket No. 50. Although the hearing on the matter was vacated due to the

27   exigency of the COVID-19 crisis, oral argument is not required. *See, e.g.*, *Reddy v. MedQuist,*

28   *Inc.*, No. 12-cv-1324-PSG, 2012 U.S. Dist. LEXIS 171421, at *3, 2012 WL 6020010 (N.D. Cal.

11

1 Dec. 3, 2012) ("The requirement that the plaintiff receive an opportunity to be heard; the

2 opportunity to brief the issue fully satisfies due process requirements.") (internal quotation marks

3 omitted); *Fiechtner v. Young*, No. CV 13-9-M-DLC, JCL, 2013 U.S. Dist. LEXIS 31086, at *3,

4 2013 WL 830653 (D. Mont. Feb. 6, 2013) ("An opportunity to be heard is satisfied by providing

5 an opportunity to file a brief, and does not necessarily require an oral or evidentiary hearing in

6 court."), *report and recommendation adopted by* 2012 U.S. Dist. LEXIS 31158, 2013 WL 830189

7 (D. Mont. Mar. 4, 2013); *see also Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989) ("The

8 notice and opportunity requirement does not, however, require an in-person hearing in the district

9 court.").

10      Thus, the first *De Long* factor has been satisfied.

11      2.    Adequate Record for Review

12      The second factor is procedural. *See De Long*, 912 F.2d at 1147 ("An adequate record for

13 review should include a listing of all the cases and motions that led the district court to conclude

14 that a vexatious litigant order was needed."). It requires only that the court compile a list of

15 actions and filings by the litigant. *See, e.g.*, *Hurt v. All Sweepstakes Contests*, No. C-12-4187-

16 EMC, 2013 WL 144047, at *5 (N.D. Cal. Jan. 11, 2013) (finding the second *De Long* factor met

17 where the court "compiled a list of all the actions Plaintiff filed"). It has done so above. They

18 comprise the following list:

19

20     • *Frost v. Steyer et al*, Case No. 3:16-cv-05883-RS (N.D. Cal., filed Oct. 11, 2016)

21     • *Frost v. National Security Agency*, Case No. 3:17-cv-01239-WHO (N.D. Cal., filed
22       Mar. 9, 2017)

23     • *Frost v. United States Department of Justice*, Case No. 3:17-cv-01240-JCS (N.D. Cal.,
24       filed Mar. 9, 2017)

25     • *Frost v. Pinkus et al*, Case No. 3:17-cv-01308-WHA (N.D. Cal., filed Mar. 10, 2017)

26     • *Frost v. Wilkinson*, Case No. 3:17-cv-01587-LB (N.D. Cal., filed Mar. 23, 2017)

27     • *Frost v. Office of the Attorney General, United States Department of Justice*, Case No.
28       4:17-cv-04983-JSW (N.D. Cal., filed Aug. 25, 2017)

1

2

- *Frost v. Blum et al*, Case No. 4:17-cv-07072-JSW (N.D. Cal., filed Dec. 12, 2017)

3

- *Frost v. United States Department of Justice*, Case No. 4:18-cv-00469-JSW (N.D. Cal., filed Jan. 22, 2018)

4

5

- *Frost v. United States Department of Homeland Security*, Case No. 4:18-cv-00871-HSG (N.D. Cal., filed Feb. 9, 2018)

6

7

- *Frost v. Texas Pacific Group et al*, Case No. 3:18-cv-04956-EMC (N.D. Cal., filed Aug. 15, 2018)

8

9

- *Frost v. United States Attorney et al*, Case No. 3:19-cv-05190-EMC (N.D. Cal., filed Aug. 15, 2019)

10

11

- *Frost v. United States of America*, Case No. 3:19-cv-05365-JD (N.D. Cal., filed Aug. 27, 2019)

12

13

- *Frost v. Westin Hotels Management LP et al*, Case No. 3:19-cv-06545-WHO (N.D. Cal., filed Oct. 10, 2019)

14

15

- *Frost v. Federal Communications Commission*, No. 4:19-cv-07144-PJH (N.D. Cal., filed Oct. 28, 2019)

16

- *Frost v. Scharf et al*, Case No. 3:19-cv-07774-RS (N.D. Cal., filed Nov. 26, 2019)

17

- *Frost v. Obama*, Case No. 3:20-cv-00605-SK (N.D. Cal., filed Jan. 27, 2020)

18

The second *De Long* factor has been satisfied.

19

      3.     Frivolous or Harassing Filings

20

The third factor "gets to the heart of the vexatious litigant analysis," *see Molski*, 500 F.3d

21

at 1059, and requires the district court to look to "both the number and content of the filings as

22

indicia" of the frivolousness of the litigant's claims. *De Long*, 912 F.2d at 1148. "An injunction

23

cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be

24

numerous, but also be patently without merit." *Molski*, 500 F.3d at 1059.

25

In considering the third *De Long* factor—as well as the fourth (the narrow tailoring of the

26

vexatious litigant order)—the Ninth Circuit has found the following considerations helpful, as

27

outlined by the Second Circuit in *Safir v. U.S. Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986):

28

                "(1) the litigant's history of litigation and in particular whether it

1    entailed vexatious, harassing or duplicative lawsuits; (2) the
     litigant's motive in pursuing the litigation, *e.g.*, does the litigant
2    have an objective good faith expectation of prevailing?; (3) whether
     the litigant is represented by counsel; (4) whether the litigant has
3    caused needless expense to other parties or has posed an
     unnecessary burden on the courts and their personnel; and (5)
4    whether other sanctions would be adequate to protect the courts and
     other parties."

5    *Molski*, 500 F.3d at 1058 (citing *Safir*, 792 F.2d at 24); *see also Boustred v. Gov't*, No. C-08-

6    00546 RMW, 2008 WL 4287570, at *2–3 (N.D. Cal. Sept. 17, 2008) (considering all five *Safir*

7    factors).  These considerations lead the Court to the following conclusions.

8           First, because Mr. Frost is a pro se litigant, the Court treads carefully in considering

9    whether and how to fashion an appropriate prefiling order.  *See De Long*, 912 F.2d at 1147 (noting

10   use of prefiling orders to curb access to courts should be done with care where a pro se litigant is

11   involved yet recognizing the courts are also free to enjoin litigants with "abusive and lengthy

12   histories").

13          The first *Safir* consideration addressees whether the litigant's history of litigation is

14   vexatious, harassing or duplicative.  As discussed above, Plaintiff has filed 16 lawsuits in this

15   district since 2016, and nearly all of these suits were dismissed at an early stage of the litigation

16   (often pursuant to a court's review of Plaintiff's request to proceed in forma pauperis) for having

17   no merit.  *See, e.g.*, *NSA*, *Pinkus*, *Blum*, *DOJ II*, *DHS*, *TPG*; *see also Levy v. First*

18   *Grp./Greyhound*, No. 17-CV-00412-KAW, 2017 WL 2793810, at *4 (N.D. Cal. June 28, 2017)

19   (finding that repeated dismissal at the early stages of litigation counseled in favor of a pre-filing

20   order).  Many of Mr. Frost's suits have been duplicative or sought improper review of prior suits,

21   and two judges have already warned Mr. Frost about being declared vexatious if he continued his

22   pattern of litigation.  *See Attorney General*, 2018 WL 6704137, at *3 (N.D. Cal. Dec. 20, 2018)

23   (addressing the fact that Mr. Frost had filed nine lawsuits against "multiple federal officials in

24   various capacities" stemming from the "the same alleged incident, which occurred in 2011 at

25   Stanford [University]"); *see also* Docket No. 6 at 3 in *Scharf* (order of dismissal with a warning

26   from Judge Seeborg that Plaintiff "is coming dangerously close to being declared a vexatious

27   litigant under").  Thus, it is clear that Plaintiff's lawsuits have been "patently without merit,"

28   *Molski*, 500 F.3d at 1059, which weighs in favor of a pre-filing order.

14

1    Second, the Court must consider Mr. Frost's motives in pursuing the litigation and whether

2    he has "an objective good faith expectation of prevailing." *Safir*, 792 F.2d at 24.  Notably, Mr.

3    Frost has failed to diligently pursue his claims on several occasions.  For example, in *Wilkinson*,

4    Mr. Frost was permitted leave to file an amended complaint but failed to do so.  *See* Docket Nos.

5    49, 57 in *Wilkinson*.  The Ninth Circuit later dismissed his appeal for failure to prosecute.  *See*

6    Docket No. 67 in *Wilkinson*.  Similarly, in *TPG*, the case was dismissed because Plaintiff failed to

7    file an amended complaint.  *See* Docket No. 7 in *TPG*.  Other courts have concluded that a

8    "repeated failure to prosecute further demonstrates that Plaintiff had no good faith expectation of

9    prevailing." *See Levy*, 2017 WL 2793810, at \*4.  Moreover, he continued to pursue meritless suits

10   despite receiving warnings from judges.  Mr. Frost's motivations and expectation of prevailing tilt

11   slightly in favor of a pre-filing order.

12   The third *Safir* consideration asks whether the litigant is represented by counsel.  As noted

13   above, Mr. Frost is a pro se litigant.  However, "flagrant abuse of the judicial process cannot be

14   tolerated because it enables one person to preempt the use of judicial time that properly could be

15   used to consider the meritorious claims of other litigants." *Boustred v. Gov't*, 2008 WL 4287570,

16   at \*2 (citing *De Long,* 912 F.2d at 1148).  As Judge Seeborg noted in *Scharf*, courts in this district

17   have been mindful of Mr. Frost's pro se status.  According to Judge Seeborg: "[C]ourts of this

18   district have patiently tolerated Frost's repeated complaints and have afforded Frost ample

19   opportunity to amend his pleadings to state cognizable claims in his various lawsuits.  Yet Frost

20   has not prevailed in any of his lawsuits, and all of his lawsuits were either dismissed or remain

21   pending.  All the while, Frost's filings have burdened the courts, which do their best to extend

22   leniency toward litigants proceeding pro se and in forma pauperis." *See* Docket No. 13 in *Scharf*.

23   As above, this factor tilts in favor of a pre-filing order.

24   The fourth *Safir* consideration inquires into "whether the litigant has caused needless

25   expense to other parties or has posed an unnecessary burden on the courts and their personnel."

26   *Molski*, 500 F.3d at 1058 (citing *Safir*, 792 F.2d at 24).  Here, Mr. Frost has required numerous

27   parties to respond to his claims and to appear at hearings on the motions he has filed.  *See, e.g.*,

28   *Wilkinson*, *Attorney General*, and Docket No. 48 in the instant case.  And Mr. Frost's sixteen cases

15

1    and hundreds of filings have also "have imposed substantial costs upon the Court in terms of time

2    and resources." *Levy*, 2017 WL 2793810, at *4.  More than twelve judges in this district have

3    reviewed the complaints and filings in Plaintiff's various lawsuits, and nearly all of them have

4    resulted in dismissal at the earliest stages of litigation.  Thus, the fourth *Safir* consideration also

5    weighs in favor of a pre-filing order.

6          Finally, the Court must consider "whether other sanctions would be adequate to protect the

7    courts and other parties." *Molski*, 500 F.3d at 1058 (citing *Safir*, 792 F.2d at 24).  As other courts

8    have noted in other cases and as is true here: "[d]ismissal of Plaintiff's numerous cases has not

9    deterred Plaintiff from continuing to file cases that lack merit.  Further, Plaintiff has now begun to

10   bring cases based on the same events, suggesting that Plaintiff will continue to litigate—and re-

11   litigate—cases absent a pre-filing order." *Levy*, 2017 WL 2793810, at *4 (citing *Martin v.*

12   *Redwood City Dental Care*, No. 15-CV-03151-JST, 2015 WL 9489898, at *6 (N.D. Cal. Dec. 29,

13   2015) ("Martin's litigation history demonstrates that she has been unresponsive to the courts'

14   repeated, clear indications that her complaints are without merit.")).  Thus, the final *Safir*

15   consideration weighs in favor of a pre-filing order.

16          4.    Narrowly Tailored

17          The fourth and final factor requires that the prefiling order be narrowly tailored to the

18   vexatious litigant's wrongful behavior. *See Molski*, 500 F.3d at 1061.  "Narrowly tailored orders

19   are needed 'to prevent infringement of the litigator's right of access to the courts.'" *De Long*, 912

20   F.2d at 1148 (citing *Woods v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1525

21   (9th Cir. 1983)).

22          As is evident from the discussion above, Mr. Frost has brought multiple lawsuits before

23   multiple judges in this District based on repeatedly rejected facts and legal theories. Thus, the

24   Court finds it appropriate to deem Mr. Frost a vexatious litigant and to fashion a narrowly tailored

25   prefiling order.  Given many of his meritless suits have been brought against federal defendants, as

26   in the case at bar, the Court orders that Mr. Frost must obtain leave of court before filing any

27   complaint against any federal entity or any current or former federal employee, including

28   individual current or former federal employees acting in their official or individual capacities.  The

1  Clerk of this Court shall not accept for filing any further complaints filed by Mr. Frost or on behalf

2  of Mr. Frost alleging such claims until that complaint has first been reviewed by the general duty

3  judge of this Court and approved for filing.

4  **IV.**    <u>**CONCLUSION**</u>

5        For the foregoing reasons, Mr. Frost is hereby **DECLARED** a vexatious litigant. The

6  Clerk of this Court shall not file or accept any further complaints filed by or on behalf of Mr. Frost

7  alleging any claims against any federal entity or any current or former federal employee, including

8  individual current or former federal employees acting in their official or individual capacities,

9  unless and until that complaint has first been reviewed by the general duty judge of this Court and

10  approved for filing.  If Mr. Frost wishes to file such a complaint, he shall provide a copy of the

11  complaint, a letter requesting that the complaint be filed, and a copy of this Order to the Clerk of

12  this Court.  The Clerk shall then forward the complaint, letter, and copy of this Order to the

13  general duty judge for a determination whether the complaint should be accepted for filing.  Any

14  violation of this Order will expose Mr. Frost to a contempt hearing and appropriate sanctions, and

15  any action filed in violation of this Order will be subject to dismissal.

16        This order disposes of Docket No. 45.

17

18        **IT IS SO ORDERED**.

19

20  Dated: March 18, 2020

21

22  _____

23  EDWARD M. CHEN
   United States District Judge

24

25

26

27

28

17