UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINTON FROST,<br><br>    Plaintiff,<br><br>    v.<br><br>THE UNITED STATES,<br><br>    Defendant. | Case No. 19-cv-05190-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Docket No. 56 |

On February 27, 2020, Plaintiff filed a Motion for Administrative Relief requesting that the Court "provide him copies, according to his privilege as in forma pauperis plaintiff, of the proceedings in this courtroom on 2/13/2020: motion to dismiss and motion to sanction." *See* Docket No. 51. On March 4, 2020, the Court denied Plaintiff's Motion. *See* Docket No. 53. In the denial order, the Court explained that, although it could "authorize transcripts to be paid from the Court's non-appropriated funds when the Court deems it necessary, Plaintiff has provided no good reason justifying his request for a transcript." *Id.* It further noted: "The reasoning of the Court's rulings on the motions heard on February 13, 2020 were set forth in the Court's order issued on February 19, 2020." *Id.* (citing Docket No. 49).

On March 19, 2020, Plaintiff filed a Motion for Leave of Court for Reconsideration of Court's Order to Deny Administrative Relief. *See* Docket No. 56. In that Motion Plaintiff asserts: "As a matter of law and fundamental fairness, Court has declared Plaintiff an in forma pauperis litigant, and therefore he has been granted the privilege of foregoing court fees and costs, whereby no good cause need be cited in a request for records because it is quite obvious that a request for court records of oral arguments in a hearing before a Judge is simple good lawyering, even by a

pro se attorney." *Id.* at 1–2.

Civil Local Rule 7-9 sets forth the requirements for a motion for leave to file a motion for reconsideration. That rule requires that a party "show reasonable diligence in bringing the motion" *and* establish one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9. However, Plaintiff has not established "a material difference in fact or law from that which was presented to the Court," "[t]he emergence of new material facts or a change of law," or "[a] manifest failure by the Court to consider material facts or dispositive legal arguments." Accordingly, the Court **DENIES** Plaintiff's Motion for Administrative Relief.

This order disposes of Docket No. 56.

**IT IS SO ORDERED**.

Dated: March 23, 2020

_____
EDWARD M. CHEN
United States District Judge